UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SIMON'S TRUCKING, INC. and R.J.'s LEASING, INC., § § § Plaintiffs, § § v. § § NAVISTAR, INC., § § Defendant. § | § § § § § § CIVIL ACTION NO. 3:20-CV-3037-B § § § § § |

SIMON'S TRUCKING, INC. and R.J.'s § 
LEASING, INC., §
§
   Plaintiffs, §
§
v. §   CIVIL ACTION NO. 3:20-CV-3037-B
§
NAVISTAR, INC., §
§
   Defendant. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Navistar, Inc.'s Motion to Dismiss (Doc. 28), which seeks dismissal of Plaintiffs Simon's Trucking, Inc. and R.J.'s Leasing, Inc.'s claims due to lack of personal jurisdiction, improper venue, and failure to state a claim. Because the Court concludes it lacks personal jurisdiction over Defendant, it **GRANTS** Defendant's motion and **DISMISSES** this action **WITHOUT PREJUDICE**.

### I.
### BACKGROUND[1]

This case arises from the purchase of several semi-trucks. Plaintiffs, both of which are corporation–citizens of Iowa, operate a commercial-trucking fleet and haul freight across the United States. Doc. 1, Compl., ¶¶ 1–2, 5. Defendant, a Delaware corporation with its principal place of business in Illinois, manufactures commercial trucks and related equipment. *Id.* ¶¶ 3, 7. Between 2011 and 2012, Plaintiff R.J.'s Leasing, Inc. bought sixteen semi-trucks from Defendant or one of its

---

[1] The Court draws its factual account from the allegations set forth in Plaintiffs' complaint (Doc. 1).

dealers and then leased the trucks to Plaintiff Simon's Trucking, Inc. *Id.* ¶ 6. At the time of purchase, Defendant warranted that the trucks were in working order and free from defects. *Id.* ¶ 20. But subsequently, the trucks began breaking down, and Defendant "failed to adequately" repair the defects in the trucks. *Id.* ¶¶ 21, 23.

Plaintiffs allege that Defendant made several misrepresentations to Plaintiffs regarding the trucks' suitability and Defendant's commitment to provide any necessary repairs to them. *See, e.g.*, *id.* ¶¶ 37–38. Based on these misrepresentations and the defective condition of the trucks, Plaintiffs filed an action with this Court in 2016, asserting claims against Defendant for: (1) breach of express warranty; (2) breach of implied warranty; (3) breach of contract; (4) fraud; (5) fraud by nondisclosure; and (6) unconscionability. *Id.* ¶¶ 71–121.

A few months after Plaintiffs filed their complaint, the United States Judicial Panel on Multidistrict Litigation ("the MDL Panel") transferred this action to the Northern District of Illinois pursuant to a conditional transfer order. Doc. 6, Conditional Transfer Order, 1. In the Northern District of Illinois, Defendant filed its answer. *See generally* Answer, *In re Navistar MaxxForce Engines Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 1:14-CV-10318 (N.D. Ill. Mar. 10, 2017), ECF No. 162. After years of discovery-related litigation, the Northern District of Illinois ordered that Plaintiffs make any amendments to their pleadings by September 10, 2020. Scheduling Order at 2, *In re Navistar MaxxForce Engines Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 1:14-CV-10318 (N.D. Ill. Aug. 10, 2020), ECF No. 867. After this deadline passed without any amendment filed by Plaintiffs, the MDL Panel ordered the action remanded to this Court. Doc. 22, Conditional Remand Order, 2. Subsequently, Defendant filed a motion to dismiss Plaintiffs' claims (Doc. 28) for lack of personal jurisdiction, improper venue, and failure to state a claim. The Court has received all briefing on the

motion, so it is now ripe for review.

## II.

## LEGAL STANDARD

A.  *Dismissal Under Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action when a court lacks personal jurisdiction over the defendant. The plaintiff bears the burden of establishing a trial court's personal jurisdiction over each defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). "To satisfy that burden, the [plaintiff] must 'present sufficient facts as to make out only a *prima facie* case supporting jurisdiction,' if a court rules on a motion [to dismiss] without an evidentiary hearing." *Lahman v. Nationwide Provider Sols.*, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (emphasis added) (quoting *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

"When considering the motion to dismiss, 'allegations in a plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.'" *Id.* (alterations incorporated) (quoting *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003)). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of [the] plaintiff for the purposes of determining whether a *prima facie* case exists." *Valdez v. Kreso, Inc.*, 157 F. Supp. 2d 722, 725 (N.D. Tex. 2001) (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992) and *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant to the same extent as a forum-state court. *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir.

1994). A Texas state court can exercise jurisdiction over a nonresident if two preconditions are met: "(1) the nonresident must be amenable to service of process under [Texas's] long-arm statute;" and (2) the assertion of jurisdiction over the nonresident must comport with the due process clause of the Fourteenth Amendment. *Jones*, 954 F.2d at 1067. Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990) (citation omitted).

To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068 (citations omitted).

The "minimum contacts" prong of the due process analysis can be met through contacts giving rise to either specific or general personal jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999).

In contrast, specific personal jurisdiction is established through the defendant's contacts with the forum state that arise from, or are related to, the cause of action. *Gundle Lining*, 85 F.3d at 205. The specific-jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (citations and quotation marks

omitted). To find specific jurisdiction over a defendant, a court must find that "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum [s]tate." *Id.* at 284. This connection "must arise out of contacts that the defendant *himself* creates with the forum [s]tate," and it must be based on "the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there." *Id.* at 284–85 (emphasis in original) (citations and quotation marks omitted). Thus, a defendant cannot be "haled into court" based on the "'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the [s]tate." *Id.* at 286 (quotation marks omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

## III.

## ANALYSIS

Below, the Court concludes that it lacks personal jurisdiction over Defendant. Consequently, the Court dismisses this case without prejudice.[2]

A.      *The Court Lacks Personal Jurisdiction Over Defendant.*

Defendant contends that this it is not subject to this Court's personal jurisdiction. Doc. 29, Def.'s Mot. Br., 4. Defendant explains that it is instead subject to personal jurisdiction in "Illinois, Delaware, or wherever a substantial part of the events underlying [Plaintiffs'] claim occurred[.]" *Id.* at 5. Likewise, Plaintiffs concede the Court lacks personal jurisdiction over Defendant. *See* Doc. 32, Pls.' Resp., 2. Further, Plaintiffs argue that Defendant would be subject to specific personal jurisdiction in Iowa or Washington—the states where Defendant, through a dealer, sold the trucks at issue to Plaintiffs. *Id.* (citation omitted).

---

[2] Because the Court holds that it lacks personal jurisdiction, it need not discuss the remaining grounds for dismissal raised in Defendant's motion to dismiss.

The Court agrees with the parties that it lacks personal jurisdiction over Defendant. Though Plaintiffs allege that Defendant "does business throughout Texas," Doc. 1, Compl., ¶ 3, they fail to allege contacts by Defendant that "are continuous, systematic, and substantial." *Marathon Oil Co.*, 182 F.3d at 295. And they now concede that Defendant "is not 'at home' for purposes of general jurisdiction in Texas[.]" Doc. 32, Pls.' Resp., 2. Thus, the Court lacks general personal jurisdiction over Defendant. Moreover, Plaintiffs allege no "suit-related conduct" by Defendant specific to Texas, so the Court lacks specific personal jurisdiction over Defendant. *See Walden*, 571 U.S. at 284; *see generally* Doc. 1, Compl. Accordingly, the Court agrees with the parties that Defendant is not subject to this Court's personal jurisdiction.

B.   *The Court Dismisses, Rather Than Transfers, This Case.*

Due to the lack of personal jurisdiction, Defendant moves to dismiss this case. Doc. 29, Def.'s Mot., 5. Plaintiffs, on the other hand, ask the Court to: (1) permit them to amend their complaint to add allegations establishing specific personal jurisdiction in Iowa, and (2) transfer this case to Iowa. Doc. 32, Pls.' Resp., 2–3. They assert that such a transfer would further judicial economy given that this case has been pending for several years. *Id.* at 3.

"Where a court finds that it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2)." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). Conversely, the Court can also transfer the action under 28 U.S.C. § 1406(a) "to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman*, 730 F.3d at 466 (quoting *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)).

Here, the Court finds dismissal, rather than transfer, appropriate. As a preliminary matter,

the Court denies Plaintiffs' request to amend their complaint to support a finding of personal jurisdiction in Iowa. Such an amendment fails to cure the jurisdictional defects in *this* Court and thus would be futile. *See, e.g.*, *Shippitsa Ltd. v. Slack*, 2019 WL 277613, at *6 (N.D. Tex. Jan. 22, 2019) (collecting cases) (denying leave to amend based on the plaintiff's failure to cure the lack of personal jurisdiction).

Further, even assuming that Iowa courts could exercise specific personal jurisdiction over Defendant,[3] the parties have pointed out other fora that appear to have personal jurisdiction over Defendant—Illinois, Delaware, and Washington. Aside from Defendant's one-sentence suggestion that Washington is a better forum than Iowa, *see* Doc. 33, Def.'s Reply, 2, the parties do not brief which forum, in the interest of justice, should decide this case. Under these circumstances, "[t]he Court is not in a position . . . to choose definitively between the parties' desired fora." *Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 462 (S.D. Tex. 1996); *see also Rawls v. Old Republic Gen. Ins. Grp.*, —F. Supp. 3d—, 2020 WL 6374621, at *14 (S.D. Tex. Sept. 25, 2020) ("[I]t would not be in the 'interest of justice' for the Court to make the decision on where Plaintiffs' claims should be brought given that the Court has determined that [the defendant] is subject to personal jurisdiction in at least [two other fora.]" (citation omitted)). The Court thus concludes that transfer to Iowa is not in the interest of justice and **DISMISSES** this case **WITHOUT PREJUDICE**.

## IV.

## CONCLUSION

For the reasons explained above, the Court does not have personal jurisdiction over

---

[3] Defendant does not concede this point. *See* Doc. 33, Def.'s Reply., 2

Defendant. Moreover, there are multiple fora that could hear this case, and it is not in the interest of justice for the Court to decide, based on the limited record, which forum is best. Accordingly, the Court **GRANTS** Defendant's motion (Doc. 28) and **DISMISSES** this action **WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: January 26, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE